430

410 A.2d 332

**COMMONWEALTH of Pennsylvania**

v.

**Robert J. CROCKER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Filed Sept. 14, 1979.

Petition for Allowance of Appeal Denied Jan. 30, 1980.

Courtney J. Graham, Chambersburg, for appellant.

John R. Walker, District Attorney, and with him John N. Keller, Assistant District Attorney, Chambersburg, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and LIPEZ, JJ.

VAN der VOORT, Judge:

On March 10, 1976, defendant-appellant, Robert J. Crocker, a/k/a Eugene Francis Stillings, Jr., and a co-defendant John Kniss, a/k/a Brown, were caught inside of Minnich's Pharmacy in the town of Waynesboro, Pennsylvania, at 3:30 A.M., stealing movable property. Appellant Crocker was indicted upon one charge of burglary and one charge of conspiracy. He and his counsel entered into a plea bargain with the Assistant District Attorney under the terms of which the defendant-appellant would plead guilty to the charge of burglary and the Commonwealth would move for a nol pros of the conspiracy charge. Defendant tendered his guilty plea on June 4, 1976, when it was accepted by the court and when sentencing date was set for July 14, 1976. On that day defendant Crocker was sentenced to imprisonment for a period of not less than seven years nor more than twenty years. No appeal was taken; however, on April 25, 1977, appellant filed a petition under the Post Conviction Hearing Act, in which petition he alleges that he was denied effective assistance of counsel.

■ One of his claims is that counsel was ineffective in not advising him of his right to appeal. The trial judge, however, advised him of his rights to appeal (Transcript of Sentencing, July 14, 1976, P. 7). This claim by appellant is without merit.

■ During the preparation of the case, defendant Crocker asked his counsel what sentence he thought he would receive on the burglary charge. His counsel said he would receive "big time" because of his record and would get

something like two and one half to five years in a State Correctional Institution. Counsel gave defendant no assurance or promise that he would receive such a sentence. At the colloquy when the plea of guilty was tendered, the following took place:

> "THE COURT: Now, Mr. Crocker, you have heard Mr. Cramer's statement that there is a plea bargain that has been worked out between you and your attorney and the District Attorney's office, and that bargain or agreement is that if you will plead guilty to the charge of burglary, then the Commonwealth will nol-pros the complicity charge. Now, is that the agreement that you and your counsel entered into?
>
> MR. CROCKER: Yes, sir.
>
> THE COURT: Do you believe there is any part of the agreement that was made that has not been reported to the Court?
>
> MR. CROCKER: No, sir.
>
> THE COURT: Do you believe anyone has made any promises or deals with you that you will get some special treatment or special sentence if you plead guilty that you would not get if you stood trial?
>
> MR. CROCKER: No, sir."

Just before sentence was imposed, the defendant Crocker heard his co-defendant, who was a younger man named Brown, and whose criminal record was less extensive than Crocker's, be sentenced to a term of imprisonment of not less than four years nor more than twelve years (Tr. July 17, 1978, page 29). Although he had heard his accomplice being sentenced to not less than four nor more than twelve years, defendant Crocker told the court that he had no desire to withdraw his guilty plea, nor did said defendant petition to withdraw his plea. (Tr. July 14, 1976, pp. 5 and 6).

Furthermore, the defendant was advised what the maximum sentence for burglary could be, that is a maximum of

twenty years imprisonment and a fine of $25,000.00 (Tr. June 4, 1976, p. 6).

Finally, no direct appeal was taken by defendant Crocker, notwithstanding the fact that he was properly advised of his right to do so (Tr. of Sentencing July 14, 1976, p. 7).

New counsel other than trial counsel was appointed to assist the defendant in his post conviction proceedings. Defendant's counsel amended the PCHA Petition and the court below held a full hearing. Following the hearing, the trial judge made Findings of Fact, among which was Finding Number 10, which was as follows:

"10. The petitioner knowingly, intelligently and voluntarily entered his plea of guilty to the charge of burglary being well aware of the maximum sentence for that offense, and aware of the fact that he was reducing the maximum sentence potential by eliminating the conspiracy count."

We find there was ample evidence to support Finding of Fact No. 10 by the trial judge.

The entire record convinces us that defendant Crocker was not induced to enter his plea of guilty because his counsel expressed as his opinion that said defendant would get "big time", something like two and one-half to five years, but that on the contrary defendant entered his guilty plea intelligently, understandingly and voluntarily, knowing that his sentence might be the maximum of ten to twenty years.

Defendant-appellant's claims that he was wrongfully induced first to enter his plea of guilty and second not to petition to withdraw his guilty plea because of the opinion stated by his counsel in responding to defendant's inquiry as to the sentence he might expect, are refuted by the record in these proceedings.

Order affirmed.